# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| RON JOHNSON, ) | Case No. 04-21637-TLM |
| dba SWEETS CAFE ) | |
| ) | |
| Debtor. ) | SUMMARY ORDER |
| ) | |
| _____ ) | |

On February 17, 2005, Bank One, NA ("Creditor") filed a motion for relief from the § 362(a) stay. Doc. No. 19. That matter was resolved by a Stipulation filed March 11, 2005 (Doc. No. 23), on which an Order was entered the same date (Doc. No. 25). The Stipulation contained a "drop dead" provision providing for stay relief in the event of default and lack of cure following notice.

On July 19, 2005, Creditor filed a notice of default (Doc. No. 26) and on August 17, 2005, an "amended" notice of default (Doc. No. 29). Debtor objected to the same on August 31, 2005 (Doc. No. 30), asserting that all the questioned payments had in fact been made and providing receipts therefore.

Nothing happened thereafter. Neither Creditor nor Debtor took steps to resolve the matter that was outstanding on the record. A year later, Creditor lodged a proposed order. The Court hereby refuses to enter it.

SUMMARY ORDER - 1

First, the proposed order is nothing more than a "form" document that purports to grant relief from stay based on the February, 2005 motion and the lack of opposition within 20 days (*i.e.*, a reference to practice under the Court's Local Bankruptcy Rule 4001.2).  The proposed order is not only an inapt form document, it does not acknowledge the actual record in this case – the February, 2005 motion was *already* resolved by the Court's Order, Doc. No. 25.

Second, the proposed order does not address in any regard the status of Debtor's performance under the Stipulation, the existence of any uncured default or, in fact, any of the prior pleadings of record.

Third, the order is tendered some 11 months after the allegedly triggering (and contested) default, reflecting a lack of reasonable diligence and prosecution.

Fourth, the Court's file shows that the chapter 13 plan remains in place and, apparently, is being performed.[1]  Given the year-long passage of time since the alleged default (is the Court to believe that there has not been any change whatsoever in any material fact over such a period?) and given the Trustee's position on Debtor's compliance with the confirmed plan, the Court cannot confidently enter any order based on the alleged July and August, 2005, defaults. And, if the order is tendered based on some *other* default allegedly occurring

---

[1]  Trustee has so advised the Court, and he has indicated that his outstanding motions to dismiss, Doc. Nos. 31 and 32, are no longer being urged.  The Court accepts those informal submissions, for purposes of addressing the instant order, but notes that Trustee should not allow his dismissal motions to simply languish on the record without being advanced or withdrawn. Given his current position, Trustee should promptly withdraw both motions.

SUMMARY ORDER - 2

sometime between then and now, entry of an order would be improper because there has been no filing explaining the default relied upon and no proof of compliance with the notice-of-default provisions of the Stipulation that resolved the initial stay relief motion.

Fifth, there is no indication that Creditor advised Debtor that it was submitting in the summer of 2006 a proposed order on the one-year old, almost certainly stale, and expressly contested default notice. Under the circumstances, this raises questions of adequate notice and due process.

For the foregoing reasons, Creditor's request for entry of its tendered order terminating the stay is not adequately supported. The request is DENIED.

DATED: August 9, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 3